IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GERZON SANCHEZ,

                      Plaintiff,

    v.

D/A BRENDA YASKAL,
JUDGE TROY CROSS,
ATTORNEY BRIAN WILLIAM SEVERSON,
CLERK OF COURTS, and
AMANDA REIK,

                      Defendants.

OPINION and ORDER

23-cv-290-wmc[1]

---

Pro se plaintiff Gerzon Sanchez is incarcerated in the Columbia County Jail. He contends that three attorneys, a circuit court judge, and the clerk of courts falsified court records in two of his Columbia County criminal cases. Sanchez has paid the full filing fee, but because he is incarcerated, I must screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915, 1915A. In doing so, I must accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). With that standard in mind, I conclude that this lawsuit must be dismissed.

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

ALLEGATIONS OF FACT

Publicly available state court records show that Sanchez is facing criminal charges in Columbia County Case No. 2022CF1.[2] After Sanchez's arraignment in that case, he filed a postconviction motion in state circuit court to withdraw his no contest pleas in two of his closed Columbia County cases, nos. 2020CF361 and 2020CF510. Defendant Judge Cross presided over those cases, which defendant Brenda Yaskal prosecuted. Defendant Amanda Reik represented Sanchez in both cases, and Sanchez was convicted of felony bail jumping and carrying a concealed knife. Sanchez explains that he filed this motion because his girlfriend found records online of a third 2020 Columbia County case charging him with felony bail jumping that he was unaware of, no. 2020CF294.

Sanchez does not describe what he argued to the circuit court in his motion, but he alleges here that exchanges from two hearings in his 2020 criminal proceedings were omitted from the transcripts of those hearings to cover up evidence of the fraudulent bail jumping charge. He says that the '294 case "never existed, and was never called at a November 11, 2020, hearing before Judge Cross. Dkt. 1 at 3. When Sanchez asked why he was being charged with felony bail jumping "when there are no open cases for a felony," Judge Cross ordered a competency exam. *Id.* at 4. The '294 case was not called at the November 30, 2020, global plea hearing and sentencing either. When Judge Cross asked Yaskal whether she was "dismissing [counts] 1 and 2," Yaskal replied yes, and Sanchez did not know what case they were discussing. *Id.* Neither exchange is in the respective hearing transcript.

---

[2] *See* https://wcca.wicourts.gov.

Judge Cross did not allow Sanchez to be heard on the issue of the '294 case at a June 2022 motion hearing. Sanchez says that Judge Cross appointed his current defense attorney, defendant Brian William Severson, because he is Judge Cross's friend and will help "cover it up." *Id.* at 6. As of the date of this order, the '294 case is not available in online case records.

ANALYSIS

I understand Sanchez to be alleging that he was unlawfully convicted of felony bail jumping in 2020 and that defendants filed the '294 case and modified hearing transcripts to cure and cover any procedural defects in that previous criminal proceeding. Sanchez's court records reflect a 2020 felony bail jumping conviction, but the complaint does not explain how this conviction is affecting him now.

Regardless, in this type of lawsuit Sanchez cannot challenge the validity of his 2020 bail jumping criminal conviction, and I cannot grant his request to dismiss "any or all open cases" against him. *Id.* at 1. This federal court generally cannot interfere in ongoing state court criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971). And Sanchez cannot maintain a civil rights action in this court "where a judgment in his favor would necessarily imply the invalidity of a previous criminal conviction that has not been reversed, expunged, or called into question by the issuance of a federal court writ of habeas corpus." *McCann v. Neilsen*, 466 F.3d 619, 620–21 (7th Cir. 2006) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Finding that court records were falsified to mask evidence of an unlawful bail jumping charge would "necessarily imply the invalidity" of Sanchez's conviction. To challenge any of his convictions, and the fact or duration of his confinement, Sanchez will have to bring his claims in a habeas

corpus proceeding after exhausting his state-court remedies, including all available appeals. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).

Sanchez also requests an order that defendants produce the video recordings of the two hearings and the unaltered transcripts. Because he cannot proceed in this lawsuit on any of his claims, I will deny those requests.

I will dismiss this case without prejudice. Sanchez would be able to pursue relief under § 1983, but only if he is first able to obtain termination or expungement of his convictions. If Sanchez decides to refile this case later, I note for his benefit that liability in this type of lawsuit depends on a defendant's personal involvement in the alleged events and the complaint contains no allegations about the clerk of courts, who I would have dismissed had this case proceeded now. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability . . . requires personal involvement in the alleged constitutional deprivation." (alteration adopted)).

I also note that Sanchez could not have maintained claims against his defense attorneys, Reik and Severson. That is because defense attorneys, even those appointed by the court, are not considered state actors for purposes of a claim under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law [for purposes of liability under § 1983] when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

Finally, if Sanchez means to challenge how Yaskal presented the 2020 cases against him or Judge Cross's judicial decisions, these defendants would be immune from any claim for damages. A judge is entitled to absolute immunity for his judicial decisions, even if "the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*,

4

435 U.S. 349, 354 (1978). Prosecutors are shielded from liability "for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause." *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017); *Bromund v. Holt*, 24 Wis. 2d 336, 341, 129 N.W.2d 149, 152 (1964) ("A public prosecutor acting in his official capacity is absolutely privileged to initiate or continue criminal proceedings.").

ORDER

IT IS ORDERED that:

1. This case is DISMISSED without prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994).

2. The clerk of court is directed to close this case.

Entered May 23, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge