IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GERZON SANCHEZ,

                      Plaintiff,

  v.

D/A BRENDA YASKAL,
JUDGE TROY CROSS,
ATTORNEY BRIAN WILLIAM SEVERSON,
CLERK OF COURTS, and
AMANDA REIK,

                      Defendants.

OPINION and ORDER

23-cv-290-wmc[1]

---

Pro se plaintiff Gerzon Sanchez is incarcerated in the Columbia County Jail. He sought leave to proceed against three attorneys, a circuit court judge, and the clerk of courts for falsifying court records in two of his Columbia County criminal cases. I dismissed his lawsuit without prejudice as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Dkt. 5. Sanchez asks me to reconsider that decision, Dkt. 7, but I will deny his motion.

A motion for reconsideration filed within 28 days after the entry of judgment is evaluated under Federal Rule of Civil Procedure 59(e). Such motions are not for rehashing previously rejected arguments; they should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

Sanchez does not present newly discovered evidence or establish any manifest error. Instead, Sanchez reiterates his allegations that he was unlawfully charged and convicted of

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

felony bail jumping in 2020 and that certain transcripts have been altered to conceal evidence of the cover up. He details his unsuccessful efforts in state circuit court to withdraw his no contest plea to the charge and notes that he does not trust his defense attorney, defendant Brian Severson. Sanchez also includes a copy of a letter he wrote to this court, the Wisconsin Department of Justice, and the Wisconsin Judicial Commission asking to pursue charges against defendants. Dkt. 7 at 11.

These are not reasons to reconsider my dismissal of this lawsuit without prejudice. For one, Sanchez is not entitled to an order requiring the criminal arrest or prosecution of any individual. *Del Marcell v. Brown Cnty. Corp.*, 680 F.3d 887, 901–02 (7th Cir. 2012) (Easterbrook, C.J., concurring); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). For another, I explained in my order of dismissal that this court cannot interfere in ongoing state court criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971). I also explained that Sanchez cannot maintain a civil rights action in this court "where a judgment in his favor would necessarily imply the invalidity of a previous criminal conviction that has not been reversed, expunged, or called into question by the issuance of a federal court writ of habeas corpus." *McCann v. Neilsen*, 466 F.3d 619, 620–21 (7th Cir. 2006) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Finding that court records were falsified, and that Sanchez's plea was invalid would "necessarily imply the invalidity" of his conviction. If Sanchez believes that the circuit court judge erroneously denied his motion to withdraw his plea, he can appeal that decision in state court.

ORDER

IT IS ORDERED that plaintiff's motion for reconsideration, Dkt. 7, is DENIED.

Entered June 1, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge